A. RUTH CONOVER, PLAINTIFF-RESPONDENT, v. GEORGE T. COLLINS, DEFENDANT-APPELLANT.

Argued October 7, 1947—Decided January 15, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-respondent, *Cruse, Becker & Longstreet* (*Howard R. Cruse* and *Alfred R. Becker*).

For the defendant-appellant, *Gilhooly & Yauch* (*Edward J. Gilhooly*).

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The appeal is from a judgment for the plaintiff entered on the striking of defendant's answer as sham.

The complaint alleged that the plaintiff was a licensed real estate broker and that in or about the month of October, 1944, plaintiff, as broker for the defendant, negotiated a lease for the premises at 371 Nye Avenue, Irvington, Essex County, to Francis J. McCleneghan and Archie L. McCleneghan; that the lease contained an option for the purchase of the premises by the lessees at the sum of $15,000; that the defendant agreed to pay the plaintiff for her services a commission of five per centum on the purchase price if and when the sale was closed; that the sale was closed in or about the month of November, 1946; and that plaintiff sues for the commissions. The defendant answered with a general denial, appended to which were two separate defenses, first, that there was an agreement under which plaintiff was to be paid a commission in full for the services rendered by her in the amount of $500 and that such amount was paid in full settlement; second, that if there was a promise to pay the commissions as alleged, it was made on a Sunday and was, therefore, illegal and void. At the argument of the motion affidavits and documentary exhibits were produced on behalf of both the plaintiff and the defendant. The court, concluding that the answer was without merit and the defense without substance, struck the answer as sham and ordered summary judgment for the plaintiff in the amount of the claim.

The defendant owned the real estate in question and operated a tavern business thereon. On October 3d, 1944, he signed and gave to plaintiff what appears to have been a

real estate broker's printed form, and which is subject to the interpretation that it was an authority to sell the tavern business, and to lease or sell the premises. It contained various data, including the statement that the rental was to be $100, that the lease was to be for one year with an option beyond, that the rooms included were as there mentioned, that the "Price incl'd Brokers Commission $6,750.00 or any price to be agreed on—and 5%—on sale of building," and this clause:

"I * * * do hereby authorize Mrs. A. Ruth Conover * * * to offer for sale and accept deposit on the business as above described and agree to pay her a commission of $500.00 on Tav. business in cash on the gross consideration, out of the first moneys paid on any price accepted, if said business is sold to any person or persons who received the above information directly or indirectly through Mrs. A. Ruth Conover, her agents or affiliates."

On the reverse is this statement, also signed by the defendant:

"16,500 without Tavern for bldg. } cash
15,000 for bldg. with Tavern }
Owner will pay 5% commission."

The McCleneghans submitted, through plaintiff, a proposal to purchase the business for $6,000. The offer included "all fixtures, equipment, all improvements, lease and good will." It is not clear what the word "lease" referred to, but the proof by the defendant is that the McCleneghans, in proposing to purchase the business, requested a three year lease of the premises at $101 a month with an option to buy the building at any time within two years from October 9th, 1944, at the purchase price of $15,000; and the defendant's written acceptance of the offer included an agreement to deliver to the McCleneghans a "3-year lease at $101.00 a month with option to buy building in 2 years at $15,000." The offer to purchase the business and equipment and the acceptance both bear the common date of October 9th, 1944.

The consequent lease agreement was made October 24th, 1944, for a term of three years from November 1st, 1944, and contained this provision:

"It is further stipulated and agreed that the party of the second part shall have the right and option to purchase the property in which the demised premises are located, * * * at any time during the first two (2) years of the term of the within lease, for the sum of ($15,000.00) Fifteen Thousand Dollars in cash, and the party of the first part agrees not to sell said property, during said two (2) year period, to any .other person."

The purchasers required that the personal property be inventoried before the agreement of lease was entered into. The inventory bears the date of October 23d, 1944. However, the defendant avers that the instrument was neither made nor signed on October 23d, 1944, but on the preceding day, which was a Sunday, and that, consequently, our statute and cases (*R. S.* 2:207–1; *Reeves* v. *Butcher,* 31 *N. J. L.* 224; *Cannon* v. *Ryan,* 49 *Id.* 314; *Arotzky* v. *Kropnitzky,* 98 *Id.* 344) impose invalidity upon the instrument, including this provision:

"Above schedule of goods and chattels has been checked and acknowledged as correct by seller, buyer and broker. Also Seller and owner of building hereby agrees to a 3-year lease for licensed premises with water at a straight rental of $101.00 a month; it is further agreed by the parties hereto that the tenant has the option to purchase entire premises for price of $15,000.00 within first two years of said lease. Also owner; seller agrees hereby to pay to Mrs. A. Ruth Conover broker 5% commission or $750.00 if and when sale is closed."

The lease and the option to purchase were reembodied in the above mentioned agreement of October 24th, 1944. Not so as to the undertaking to pay commissions; and it is this undertaking as contained in the writing bearing date October 23d, 1944, upon which complainant, in paragraph 5 of her affidavit, relies for recovery. The instrument dated October 23d was prepared by plaintiff. The defendant avers that his attention was never directed to any provision therein which called upon him to pay commissions to the plaintiff upon a sale of the premises and that the addition of that provision was without his consent, knowledge or approval. It appears

to us that an issue as to the validity of the writing upon which plaintiff counts is fairly presented.

The acceptance of the purchase offer executed October 9th, 1944, contained this provision: "And I, the seller do hereby agree to pay to (broker) Mrs. A. Ruth Conover as commission in full for services rendered in negotiating the above sale the sum of ($500.00) Five Hundred Dollars commission to be paid out of the first moneys paid by the purchaser. No other agreement either verbal or written is to be recognized by any of the parties hereto."

The purport of the last provision is obscure. Defendant's contention is that it evidenced a novation which wiped out the commission feature of the October 3d, 1944, writing and that the $500 commission called for by the novation was paid in full. The court below was of the opinion that there was no obligation upon the plaintiff because she was not a signatory party to the October 9th offer and acceptance. The fair inference, however, is that those papers were signed in her presence and, possibly, under her direction. Something that may or may not develop significance is that the complaint counts upon an option in the lease negotiated by plaintiff which gave the McCleneghans two years within which to purchase whereas the complaint does not allege an exercise of the option within that limitation and the fact appears to be otherwise.

A chronological restatement of the several writings, in the aspects presented by defendant's proofs, follows:

October 3d, 1944, signature card authorizing broker to sell and fixing commissions.

October 9th, 1944, formal offer and acceptance, with novation as to commissions which has been fully met.

October 23d, 1944, so marked, but really October 22d, 1944, inventory incorporating new promise by defendant to pay commissions, upon which instrument plaintiff now relies, but wherein the paragraph on commissions was inserted by plaintiff without defendant's knowledge or authority and which is void because made and executed on Sunday.

October 24th, 1944, lease agreement which incorporates some of the provisions of the October 23d, 1944, writing, but not the clause as to commissions.

We are not convinced that the plaintiff's case is so clear and the defendant's case so devoid of merit that without more the answer should be struck as sham and judgment entered for the plaintiff as on default. True, the proofs for the plaintiff are the more persuasive; but there is plausible contradiction and that means that there is an issue for a fact-finding body, which the court, on a motion to strike as sham, is not. *Berger* v. *Interstate Building and Loan Association,* 121 *N. J. L.* 507; *Kaplan* v. *Catlett,* 121 *Id.* 201; *Lipari* v. *Hudson County,* 135 *Id.* 359.

The judgment below will be reversed, with costs to abide the event.